IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD CAMINOS, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| CHICAGO TITLE INSURANCE COMPANY | § § § § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW EDWARD CAMINOS ("Caminos") filing its original Complaint against Chicago Title Insurance Company, and would show as grounds the following:

### PARTIES

1. Plaintiff Edward Caminos is an individual resident of the state of Texas.

2. Defendant Chicago Title Insurance Company ("CTIC"), is a foreign corporation organized under the laws of Nebraska. CTIC's principal place of business is in Omaha, Nebraska. Therefore, CTIC is a resident of Nebraska. CTIC may be served by service upon its registered agent CT Corporation System at the registered office of 350 North St. Paul Street, Dallas, Texas 75201.

### JURISDICTION

3. Diversity jurisdiction exists under 28 U.S.C. §1332 since Plaintiff is a Texas citizen and Defendant is a citizen of Nebraska and Plaintiff seeks recovery of more than $75,000.00, exclusive of interest and costs.

## VENUE

4. The suit arises out of title insurance issued to insure fee simple title to real estate located in Waller County, Texas. Therefore, venue is appropriate in the Southern District of Texas.

## Background

5. Plaintiff purchased the following title policies ("Policies") from Defendant on or about May 4, 2007, for the properties ("Properties") listed below:

| Address | Good Faith No. | Date of Issue | Face Value |
| --- | --- | --- | --- |
| 1542 Stone Village | 448400 | 4/17/2007 | $115,00 |
| 1546 Stone Village | 448398 | 4/17/2007 | $115,000 |
| 1554 Stone Village | 446724 | 4/17/2007 | $115,000 |
| 1550 Stone Village | 448397 | 4/17/2007 | $115,000 |

A copy of each of the Policies is attached hereto as Exhibit A.

6. The Properties are in a development called "Stone Village" adjacent to Stella Road, in Brookshire, Texas.

7. Bright Star Homes purchased real estate off of Stella Road to make the development. Bright Star purchased the middle 1/3 of outlot 29 via a tax sale from the city of Brookshire by deed dated August 17, 2006.

8. Bright Star developed the Stella Road property by building 6 separate buildings containing more than 20 personal residences.

9. CTIC wrote the title policies related to and arising from Bright Star's development financing for the land off of Stella Road.

10. CTIC wrote the title policies when the units were sold to individuals like Caminos and issued mortgagee policies as well.

11. However, Bright Star did not build the 6 buildings of more than 20 personal residences on the middle 1/3 of outlot 29 which it acquired by tax sale. Instead, Bright Star built the 6 buildings and more than 20 personal residences on the west 1/3 of outlot 29.

12. The west 1/3 of outlot 29 is not owned by, and was never owned by, Bright Star or its principals or trustees.

13. Instead, one Helen Joseph owns the west 1/3 of outot 29, including all of the Bright Star improvements.

14. Caminos contracted to buy the Properties from Bright Star with CTIC to issue title insurance for the purchase. Caminos closed on the sale of the Properties by Bright Star and paid $119,670.65 for each of the Properties. CTIC acted as the escrow agent for closing as well. A copy of the HUD-1 for each closing is attached hereto as Exhibit B.

15. Caminos did not acquire good title to the Properties by the sale from Bright Star.

16. Caminos hired and paid CTIC to assure that he had good and marketable title to the Properties. CTIC held itself out as a company which could assure Caminos he acquired good title.

17. CTIC provided Caminos photographs of the Bright Star improvements in the survey of each of the Properties. The photographs, attached hereto as Exhibit C,

fairly and accurately presented the improvements Caminos contracted to purchase from Bright Star.

18. The improvements depicted by the photographs are located on Helen Joseph's property on the west 1/3 of outlot 29, not in the middle 1/3 of lot outlot 29 as represented by CTIC and the surveyor.

19. CTIC became aware, at least by October 2008, that the Bright Star improvements were not on the land purchased by Bright Star.

20. This notice arose because one of the Bright Star improvements in Stone Village went into foreclosure.

21. Once in foreclosure, the unit failed to sell to a third party because the title insurer on the proposed transaction identified the owner of the land as Helen Joseph.

22. As a result of this transaction, CTIC knew or should have known that none of the Bright Star improvements were built upon land owned by Bright Star, and that all of the Bright Star improvements were on land owned by Helen Joseph.

23. The Policies provide, in section 4 of the Conditions section, that CTIC may begin to adjust losses even before a claim is made if CTIC discovers that it is liable to an insured.

24. CTIC, however, failed to correct the problem in October 2008, and has not corrected the problem since such date.

25. Caminos submitted a claim to CTIC for the Properties under the Policies in January 2009. On January 24, 2009, CTIC responded with an acknowledgement letter identifying a claim had been made on each of the Properties. The claim number assigned was 314755.

26. Caminos received a letter dated April 22, 2009, from CTIC which identified a new claim number – 316524 – and referenced only 1554 Stone Village. A true and correct copy of the letter is attached hereto as Exhibit D.

27. In the letter, CTIC stated that its preliminary investigation revealed defects in the platting of the Stone Village subdivision. CTIC conceded that the problems revealed in its investigation were covered items under the CTIC title insurance policy for 1554 Stone Village.

28. Despite acknowledging that the title to the properties purchased by Caminos never transferred to him, CTIC has failed to bring this horrible chapter in Caminos' life to an end. CTIC has failed to pay Caminos for his loss.

29. CTIC had an obligation under the policy to pay Caminos for his loss up to the face value of each of the title policies and has failed to do so within a reasonable time.

30. On information and belief, CTIC has exclusively pursued a plan to purchase or trade Helen Joseph for the properties which it insured for Caminos. As of November 2, 2009, the same has not occurred.

31. CTIC does not hold the right, under the title policies to acquire title from Joseph to satisfy the failure of Caminos to acquire any good title. The title policy allows CTIC to obtain a release from Joseph to clear clouds, but no more. A release of a cloud on title is not the same thing as CTIC purchasing title via a transfer from Joseph. The policy is clear that CTIC does not have the right to cure by offering Joseph benefits to transfer title to Bright Star or Caminos when Caminos acquired no rights at all in the Properties at closing. CTIC's sole remedy is to pay Caminos for the face value of the policies.

32. Even if CTIC did hold the right to attempt to have Joseph convey Bright Star or Caminos the Properties this long after closing, Caminos has suffered substantial losses due to the delay by CTIC in acquiring title to the Properties from Joseph. The entire development suffers from the same fatal title problem. None of the units have been able to be sold since at least October of 2008. Many units have been abandoned as a result of the title problems, some units are boarded up, and the attractiveness of the entire development has taken a huge nosedive.

33. Any reasonable title company in the same or similar position as CTIC would be aware that the value of the entire community was going to crash as a result of the total failure of title. Yet CTIC has elected to not pay under the title policies it issued for months after reasonable notice was given under the policy and instead has attempted to use a near cashless transaction with Joseph to cure the total failure of title in an effort to save CTIC money.

34. Any reasonable title company in the position of CTIC would know that the failure to settle the failure of title immediately would result in substantial continuing losses by persons such as Caminos and was unreasonably delaying settlement upon a claim for which CTIC's liability had become reasonably clear.

35. Any reasonable title company in the position of CTIC would know that the failure to pay benefits up to the face value of the policy for the failure of any title to transfer to Caminos was unreasonably delaying settlement upon a claim for which CTIC's liability had become reasonably clear.

36. Any reasonable title company in the position of CTIC would know that the failure to have the title failure cured immediately would result in substantial continuing

losses by persons such as Caminos was, assuming title transfer from Joseph was a method allowed under the policy, unreasonably delaying settlement upon a claim for which CTIC's liability had become reasonably clear.

37. Caminos actual damages are equal to or exceed to face value of the Policies because Caminos acquired no title.

38. Caminos cannot sell the Properties.

39. Any rent or sales proceeds which Caminos has earned are subject to claims from Joseph that Joseph owns the same. Caminos has paid or caused to be paid the real estate taxes on the property.

40. Caminos has represented that he owned the Properties as a result of relying upon CTIC's materials, policy and representations. In particular, CTIC told Caminos that the improvements were on the Properties which Bright Star owned.

41. Caminos incurred closing costs, interest and attorney's fees.

42. Caminos has suffered compensable mental anguish damages as a result of loss of sleep, embarrassment, and humiliation caused by CTIC's actions well in excess of the usual and ordinary stress of life.

43. Caminos was forced to retain counsel to represent his interest as a result of the breaches of contract and duty by CTIC.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

44. Caminos reincorporates paragraphs 5 to 43, herein.

45. CTIC bore a contractual obligation to insure title to the Properties under the Policies.

46. Caminos tendered a claim under the Policies because he did not acquire good and marketable title in fee simple to the Properties in the transaction with Bright Star.

47. CTIC accepted liability under the Policies in writing.

48. CTIC had a reasonable period of time to effect a settlement of the claim but CTIC failed to do so.

49. Caminos has suffered foreseeable damages, as set out in paragraphs 37 to 43, as a proximate result of the failure to effect a settlement of the claims.

## SECOND CAUSE OF ACTION – COMMON LAW BAD FAITH

50. Caminos reincorporates paragraphs 5 to 49, herein.

51. CTIC is a fiduciary to Caminos with respect to adjusting losses under the Policies.

52. CTIC bears a duty of good faith and fair dealing to Caminos under the Policies.

53. CTIC must attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

54. As set out in paragraphs 5-49, CTIC has failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

55. Therefore, CTIC has breached its common law duty of good faith and fair dealing to Caminos.

55. Caminos has suffered damages proximately caused by the breach of the duty of good faith and fair dealing as set out in paragraphs 5-49.

## ATTORNEY'S FEES

56. As a result of the breach of contract by CTIC, Caminos is entitled to collect his attorney's fees and costs as allowed under Texas Civil Practices & Remedies Code Chapter 38, for which Caminos now affirmatively pleads.

## PRAYER

57. WHEREFORE, Caminos prays that CTIC be summoned to answer, and upon the final trial of this matter that CTIC be adjudged indebted to Caminos for his:

A. Actual damages of not less than the face value of the Policies;

B. Attorney's fees and costs;

C. Mental anguish;

D. pre-judgment and post-judgment interest;

E. court costs; and,

F. Any and all other relief allowed in law or equity.

Respectfully submitted,

GAUNTT, EARL & BINNEY, L.L.P.

By /s/Steven C. Earl
Steven C. Earl
Fed. ID: 21893
State Bar No. 24002028
1400 Woodloch Forest Dr., Suite 575
The Woodlands, Texas 77380
Telephone:   281/367-6555
Telecopier:   281/367-3705
Counsel for Edward Caminos